DLD-269                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2092
_____

IN RE:  CHARLES BELLON,
                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. Action No. 3-15-cv-00131)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 3, 2016

Before:  CHAGARES, GREENAWAY, JR. and GARTH, Circuit Judges

(Opinion filed: June 30, 2016)
_____

OPINION[*]
_____

PER CURIAM

Charles Bellon, a Pennsylvania state prisoner proceeding pro se, has filed a

petition for a writ of mandamus asking us to order his release from prison or to transfer

his petition for a writ of habeas corpus, which is pending in the United States District

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Court for the Western District of Pennsylvania, to another court. For the reasons that follow, we will deny the mandamus petition.

In 2006, Bellon was found guilty after a jury trial in the Blair County Court of Common Pleas of numerous counts of possession of a controlled substance with intent to deliver, criminal conspiracy, and other offenses. Bellon was sentenced to 31 to 62 years in prison. The Pennsylvania Superior Court affirmed the judgment on direct appeal. Bellon sought state post-conviction relief without success.[1]

In May 2015, Bellon filed a habeas petition pursuant to 28 U.S.C. § 2254 in District Court. Since his initial filing, Bellon has filed numerous motions, including motions for discovery, appointment of counsel, bail, and summary judgment. The Magistrate Judge denied these motions. Objections to some of these rulings are pending before the District Judge. Bellon also sought the recusal of the Magistrate Judge pursuant to 28 U.S.C. § 455(a). The Magistrate Judge denied the request for recusal. Bellon's habeas petition has yet to be adjudicated.

Bellon asserts in his mandamus petition that he is confined illegally on charges that are barred by res judicata, the law of the case, the statute of limitations, and waiver principles. He presents arguments raised in his pending habeas petition and seeks an order releasing him or releasing him on bail.

---

[1]Bellon's state criminal proceedings were protracted. We need not set forth the procedural history here.

2

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotations and citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable. Id. at 141. Bellon does not satisfy this standard. He has a means to attain the desired relief – his release – via his habeas petition in District Court. To the extent Bellon seeks release on bail, mandamus is not a substitute for appeal of the denial of his bail motion. See United States v. Smith, 835 F.2d 1048, 1050 (3d Cir. 1987) (holding that such orders are appealable).

Bellon also seeks the transfer of his habeas petition to another court "due to the inner connection [of the District Court] surrounding claims within his petition." Mandamus petition at 18. To the extent Bellon seeks review of the order denying his motion for recusal pursuant to § 455(a), mandamus is a proper means for review of that order. Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Bellon asserted in his recusal motion that the Magistrate Judge has a personal friendship with the former District Attorney in Blair County and suggested that the adverse rulings in his case were motivated by that relationship. In denying Bellon's motion, the Magistrate Judge noted that his adverse rulings were a matter for appeal and held that his past friendship with the former District Attorney did not require recusal. The Magistrate Judge explained that they were close friends until the mid-1990's and that he had not

3

spoken to him in approximately five years. We find no abuse of discretion in this regard. See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004) (noting standard of review).

In a motion for reconsideration, Bellon asserted that he sought recusal based on a conflict of interest. Bellon explained that his habeas petition raises a Brady[2] claim – that the Commonwealth failed to disclose that a witness who testified against him at trial, Charles Haralson, had a cooperation agreement. Haralson benefited from his assistance in a federal case brought against him after Bellon's trial. The District Judge and Magistrate Judge who were assigned to Haralson's federal case are assigned to Bellon's habeas proceedings. The District Judge sentenced Haralson in 2008.

The Magistrate Judge did not address the alleged conflict of interest in denying reconsideration, but Bellon has not shown that "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." See In re Kensington Int'l Ltd., 368 F.3d at 301 (setting forth test for recusal under § 455(a)). Bellon has not shown that the District Court's adjudication of federal criminal charges against Haralson presents a conflict in deciding his Brady claim. The Magistrate Judge's adverse rulings related to this claim do not establish that recusal was warranted.

Accordingly, we will deny the petition for a writ of mandamus.

---

[2]Brady v. Maryland, 373 U.S. 83 (1963).